INHABITANTS of MONSON, Petitioners,

*vs.*

COUNTY COMMISSIONERS.

Piscataquis. Opinion December 9, 1891.

</div>

*Way. Location. Notice. Certiorari. R. S., c. 18, § § 9, 14, 19, 26.*

After notice on the petition for a town way was ordered and complied with,. a railroad company purchased for fuel a lot of woodland across which the road was subsequently located; *Held,* That a writ of certiorari will not be issued to quash the proceedings of the location, simply because no "notice of the time and place of hearing upon the location was served upon the station agent of the railroad in the town," as prescribed in R. S., c. 18, § 26..

ON REPORT.

The opinion states the case.

*J. F. Sprague*, for petitioners.

*W. E. Parsons, and Henry Hudson*, for defendants.

VIRGIN, J. The inhabitants of Monson ask for a writ of certiorari to quash the record of the county commissioners which located a town way wholly in that town, one terminus of which connects with a highway.

The petition for the way was presented and the statutory notice ordered thereon, at the regular session of the commissioners held on April 1, 1890.

After the notice was complied with, but prior to the time fixed for the hearing, viz. : on May 5, 1890, the Monson Railroad Company purchased and received the conveyance of a woodlot, of one hundred and ten acres, situated outside of its location. It was purchased for the sole purpose of taking the wood therefrom for the use of its locomotive engines.

The way was located across the woodlot without any notice to or objection by the railroad company then or since the location. The statute gave it a year to take off the wood covered by the location (R. S., c. 18, § 9) and it was taken off from the entire lot and the lot was then sold.

The inhabitants of Monson are the sole petitioners for the writ. Their principal objection is that the land of a railroad corporation was taken for the way, and no "notice of the time and place of hearing upon said location was served upon the station agent of the railroad within the town," as prescribed in R. S., c. 18, § 26.

Assuming, — without deciding, — that the company had the right to purchase such a lot of land outside and away from its location, we nevertheless are of opinion that, inasmuch as the conveyance was not made until after the petition had been entered and noticed ordered thereon and complied with, even the company itself could take nothing by the objection. Notice in such cases must be predicated upon the facts as they exist at the time when ordered. The notice was all that the statute required. All parties then interested were duly notified. And if the company saw fit to purchase land across which the projected way was to be located, it could not expect that the proceedings would be stayed for the purpose of having a notice ordered and "served on its station agent." Such a notice is only necessary when the railroad owns land at the time a petition for a way across it is entered and notice ordered.

It is contended that the way, in fact, is a private way, and that it is undertaken by these proceedings to obtain the location

of a private way,— the damages for which should be paid by the one specially benefited thereby,— under the guise of a town way and compel the town to respond for the damages.

But it appears from the original petition that eleven inhabitants of the town, by petition duly presented, prayed the municipal officers to locate a town way described ; and that after notice and hearing thereon, the municipal officers, on August 12, 1889, refused the prayer. The petitioners, within the statute period of one year (R. S., c. 18, § 19) viz. :— on April 1, 1890, presented their petition to the county commissioners, who, after due notice and hearing "adjudged that the municipal officers unreasonably refused to lay out said town way and that common convenience and necessity required that the road prayed for in said petition be granted," &c. When municipal officers lay out a way, they are required to "determine whether it shall be a town or private way." R. S., c. 18, § 14. When appealed to in this matter they refused to lay out any way, and the petitioners took their *quasi* appeal to the commissioners who have concluded that the way should be a town way and thereby granted the prayer of the petitioners from which decision no appeal has been taken. We are not aware of any law which these proceedings contravene. *Hall* v. *Co. Com.* 62 Maine, 327, and cases cited.

*Writ denied. Petition dismissed.*

PETERS, C. J., LIBBEY, EMERY, FOSTER and WHITEHOUSE, JJ., concurred.